# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**THOMAS BITNER** and
**TOSHIA PARKER,**
individually and on behalf
of those similarly situated,

                Plaintiffs,         Case No: 13-CV-451

vs.

**WYNDHAM VACATION RESORTS, INC.**
c/o Registered Agent for Service
Corporate Creations Network Inc.
4650 W. Spencer Street
Appleton, Wisconsin 54914

                Defendant.

## AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

## INTRODUCTION

1. This is a collective and class action brought by Individual and Representative Plaintiffs Thomas Bitner and Toshia Parker ("Plaintiffs") on their own behalf and on behalf of the members of the proposed classes identified below. Plaintiffs worked as a Front Line Sales Representative, In-House Sales Representatives, and Discovery Sales Representatives for Defendant Wyndham Vacation Resorts, Inc ("Defendant"). During their employment, Plaintiffs were denied wages, including minimum wages, and overtime wages under an illegal pay policy. Under this policy, Plaintiffs and other employees working in these positions were

suffered and permitted to perform work for Defendant for which they were not compensated. Plaintiffs and the putative class and collective class members (defined below) are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as they commonly suffered wage losses under this policy.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, et seq. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Western District of Wisconsin because Defendant operates a facility in this district and because the events giving rise to these claims occurred in this district.

## PARTIES

4. Defendant Wyndham Vacation Resorts, Inc. is a foreign corporation, with its principal place of business in Orlando, Florida. According to its website, it is the world's largest vacation ownership business, and is in the business of developing, marketing, and selling vacation ownership interests. Defendant's registered agent for service is Corporate Creations Network Inc., 4650 W. Spencer Street, Appleton, Wisconsin.

5. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

6.   Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

7.   Plaintiff Thomas Bitner ("Plaintiff Bitner") is an adult resident of Gilberts, Illinois. Plaintiff Bitner was employed by Defendant as a Front Line Sales Representative and later as an In-House Sales Representative in Wisconsin during the two year period preceding this Complaint.

8.   Plaintiff Toshia Parker ("Plaintiff Parker") is an adult resident of Baraboo, Wisconsin. Plaintiff Parker was employed by Defendant as a Discovery Sales Representative in Wisconsin during the two year period preceding this Complaint.

9.   Plaintiffs have consented in writing to assert claims for overtime pay and minimum wages under the FLSA. (See Ex. A). To date, one other Plaintiff has also consented to bring overtime claims against Defendant by filing a consent form with this Court. (See Ex. B). As this case proceeds, it is likely that other individuals will sign consent forms and join this action as opt-in Plaintiffs.

### FACTUAL ALLEGATIONS PERTAINING TO ALL CLAIMS

10.   Plaintiffs, others similarly situated, and members of the Wisconsin Unpaid Wage Classes worked as a Front Line Sales Representative, In-House Sales Representatives, and/or Discovery Sales Representatives (collectively, "Sales Representatives") for Defendant.

11.   As Sales Representatives, Plaintiffs and other similarly situated individuals' primary job duty was to sell Defendant's timeshare properties and/or promotional packages for timeshare properties.

3

12. Defendant classified Plaintiffs and other similarly situated Sales Representatives as non-exempt from the FLSA and Wisconsin overtime law.

13. Defendant paid Plaintiffs and other similarly situated Sales Representatives on an hourly and commission basis.

14. Upon information and belief, Defendant paid Sales Representatives approximately $7.25 per hour.

15. In at least some weeks of employment, Sales Representatives worked approximately up to 60 or more hours per week.

16. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

17. The FLSA also requires covered employers, such as Defendant, to compensate all non-exempt employees at least the minimum wage for all hours worked.

18. The FLSA requires covered employers, such as Defendant, to make, keep, and preserve records of the hours worked by non-exempt employees.

19. Defendant had a policy in place which required Sales Representatives to work without compensation in violation of the FLSA.

20. Specifically, Defendant required Sales Representatives to clock out of Defendant's time-keeping system and to continue performing work. Defendant's

policy of suffering and permitting Sales Representatives to work without compensation includes, but is not limited to the following examples:

    a.    Defendant required Front Line Sales Representatives to clock out of Defendant's time-keeping system any time they were not giving tours to potential buyers.  During these times between tours, Defendant required Front-Line Sales Representatives to remain on Defendant's premises in a designated waiting area, but did not pay them until it was their turn to give a tour in a rotation, referred to as the "power line" or "wheel."

    b.    Defendant required Discovery Sales Representatives to clock out of Defendant's timekeeping system any time they were not meeting with potential buyers in Defendant's sales office. During these non-sales meeting times, Defendant required Discovery Sales Representatives to remain on Defendant's premises in a designated area.  Defendant did not allow Discovery Sales Representatives to clock in to Defendant's timekeeping system until tour groups returned to Defendant's sales office.

    c.    Defendant required In-House Sales Representatives to clock out of Defendant's timekeeping system after they completed their initial tours at the beginning of each day.  After the initial tours, which were given to existing timeshare owners at set times, typically starting in the morning and lasting until approximately mid-day, Defendant required In-House Sales Representatives to set up "back-end" meetings with potential buyers later in the same day.  During back-end meetings, In-House Sales Representatives

5

met with potential buyers a second time, typically with another employee who Defendant called a "closer," to complete the sale. Defendant did not allow In-House Sales Representatives to clock in to Defendant's timekeeping system for back-end meetings.

   d. Defendant instructed Sales Representatives that they could not be clocked in to Defendant's timekeeping system for more than forty (40) hours per week. On information and belief, Defendant's management-level employees edited Sales Representatives' time entries to reduce the number of hours they worked per week.

21. During their employment, Plaintiffs Bitner and Parker routinely performed work for which they did not receive the federal minimum wage.

22. In addition, during their employment, Plaintiffs Bitner and Parker routinely worked more than forty hours per week but did not receive overtime pay.

23. Defendant was aware, or should have been aware, that Plaintiffs and similarly situated Sales Representatives performed work that required payment of minimum wages and overtime compensation for all of their hours worked.

24. Defendant routinely suffered and permitted Plaintiffs and similarly situated Sales Representatives to work long hours and did not pay them at least the minimum wage and overtime compensation for all hours worked. Evidence of Defendant's knowledge of this uncompensated work includes, but is not limited to, the following examples:

   a. Defendant's daily records of Sales Representatives' hours

6

worked. These records will show gaps in time throughout the work day. These gaps are indicative of the times Plaintiffs and similarly situated Sales Representatives were performing work but were required to clock out of Defendant's timekeeping system.

  b. Defendant's records of the date and time that back-end meetings occurred, and which Sales Representative worked the meeting. A comparison of these records with Defendant's daily records of Sales Representatives' hours worked will indicate that Plaintiff Bitner and other similarly situated Sales Representatives clocked out of Defendant's timekeeping system after their last scheduled tour of the day and were not paid for work performed in back-end meetings.

  c. Defendant's records of completed sales transactions, which contain the name of the Sales Representative and the date and time that the sale was closed in Defendant's system. Because Defendant required Sales Representatives to stay with buyers until transactions were closed, a comparison of these records with Defendant's daily records of Sales Representatives' hours worked will show that Sales Representatives clocked out prior to the time that sales transactions were completed.

  d. Defendant's management-level employees reviewed Sales Representatives' time records and were often present when Sales Representatives arrived to the office in the morning and left the office in the evening. These management-level employees thus knew or should have

known that Sales Representatives were performing work without compensation.

25. The foregoing conduct, as alleged, constitutes a willful violation of law because Defendant knew or showed reckless disregard for the fact that its compensation policies and practices violated the law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs bring this action on behalf of themselves and on behalf of other similarly situated Sales Representatives pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly situated employees is defined as:

> All persons who have been or are currently employed by Defendant as Front-Line Sales Representatives, In-House Sales Representatives, and/or Discovery Sales Representatives, in the state of Wisconsin at any time during the past three years.

27. Plaintiffs and the Collective Class are victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 et seq., and that have caused significant damage to Plaintiffs and the Collective Class.

28. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq. as described in this Complaint in ways including, but not limited to, knowingly failing to pay employees minimum wages and overtime compensation.

29. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

30. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and other similarly situated Sales Representatives, and, as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's common policies and practice of not paying Sales Representatives for all of their work hours, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

## WISCONSIN CLASS ALLEGATIONS

31. Plaintiffs also bring this action on behalf of themselves and the Wisconsin Unpaid Wage Class pursuant to Fed. R. Civ. P. 23(a) and (b). The **Wisconsin Unpaid Wage Class** is defined as:

> All persons who have been or are currently employed by Defendant in the State of Wisconsin as Front-Line Sales Representatives, In-House Sales Representatives, and/or Discovery Sales Representatives at any time during the past two years.

32. The persons in the classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 100 individuals who satisfy the definition of the class.

9

33. There are questions of law and fact common to the Rule 23 Classes that predominate over any questions solely affecting individual members of the class, including, but not limited to:

    a. Whether Defendant unlawfully failed to pay minimum wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class in violation and within the meaning of Wis. Stat. § 104.02 and Wis. Admin. Code § DWD 272.03;

    b. Whether Defendant unlawfully failed to pay overtime wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class in violation and within the meaning of Wis. Stat. § 103.03 and Wis. Admin. Code § DWD 274.03;

    c. Whether Defendant unlawfully failed to pay wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class in violation and within the meaning of Wis. Stat. § 109.03;

    d. The nature and amount of compensable work performed by Plaintiffs and members of the Wisconsin Unpaid Wage Class;

    e. Whether Defendant employed Plaintiffs and members of the Wisconsin Unpaid Wage Class within the meaning of Wisconsin Law; and

    f. The proper measure of damages sustained by Plaintiffs and members of the Wisconsin Unpaid Wage Class.

34. Plaintiffs' claims are typical of those of the Wisconsin Unpaid Wage Class. Plaintiffs, like other members of the Wisconsin Unpaid Wage Class, were

subjected to Defendant's illegal pay practice of suffering and permitting Sales Representatives to work without compensation.

35. Plaintiffs will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and have retained counsel experienced in complex wage and hour litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the Wisconsin Unpaid Wage Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class wages for work they performed and to which they are entitled. The damages suffered by individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation.

38. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally

11

applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

39. Plaintiffs intend to send notice to all members of the Wisconsin Unpaid Wage Classes to the extent required by the Court and Rule 23.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME AND MINIMUM WAGE COMPENSATION IN VIOLATION OF THE FLSA

40. Plaintiffs, individually and on behalf of the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

41. Plaintiffs and the members of the Collective Class are or were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

42. The FLSA requires each covered employer to compensate all non-exempt employees at a rate not less than the federal minimum wage for all hours worked.

43. During the applicable statute of limitations, Plaintiffs and members of the Collective Class performed work for which they received less than the federal minimum wage.

44. The FLSA also requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

45. During the applicable statute of limitations, Plaintiffs and members of the Collective Class performed work in excess of 40 hours per week without receiving overtime compensation.

46. Defendant's practices violate the FLSA including, but not limited to, 29 U.S.C. §§ 206 and 207. Because of these violations, Plaintiffs and members of the Collective Class have suffered a wage loss.

47. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiffs and members of the Collective Class minimum wage and overtime compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY WAGES IN VIOLATION OF WISCONSIN LAW

48. Plaintiffs individually and on behalf of the Wisconsin Unpaid Wage Class allege and incorporate by reference the allegations in the preceding paragraphs.

49. The foregoing conduct, as alleged, violates Wis. Stat. §§ 103.03, 104.02, 109.03, and Wis. Admin. §§ DWD 272.03 and 274.03.

50. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Wis. Stat. §§ 103.001, 104.01 and 109.01(2).

51. At all relevant times, Plaintiffs and members of the putative Wisconsin Unpaid Wage Class were Defendant's employees within the meaning of Wis. Stat. §§ 103.001(5), 104.01(2), and 109.01(1r).

52. Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. § 103.02; Wis. Amin. § DWD 274.03.

13

53. Wisconsin law requires employers to pay employees at least the minimum wage for all hours. Wis. Stat. § 104.03; Wis. Admin. § DWD 272.03.

54. Wisconsin law requires employers to pay employees all wages earned by a day not more than 31 days prior to the date of payment. Wis. Stat. § 109.03.

55. Plaintiffs and members of the Wisconsin Unpaid Wage Class are not exempt from the minimum wage and overtime pay requirements of Wisconsin law.

56. During the applicable statute of limitations, Defendant had a policy and practice of failing and refusing to pay minimum wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class for all hours worked.

57. During the applicable statute of limitations, Defendant had a policy and practice of failing and refusing to pay all overtime wages to Plaintiffs and members of the Wisconsin Unpaid Wage Class for those weeks in which they worked in excess of 40 hours.

58. During the applicable statute of limitations, Defendant had a policy and practice of failing and refusing to pay wages, including minimum and overtime wages, to the Plaintiffs and members of the putative Wisconsin Unpaid Wage Classes for hours they worked.

59. As a result of Defendant's willful failure to pay overtime, and minimum wages earned and due to Plaintiffs and members of the putative Wisconsin Unpaid Wage Class, Defendant has violated, and continues to violate Wis. Stat. §§ 103.03, 104.03, 109.03, and Wis. Admin Code §§ DWD 272.03 and 274.03.

60. Plaintiffs, on behalf of themselves and members of the Wisconsin Unpaid Wage Class seek recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

61. Plaintiffs, on behalf of themselves and members of the putative Wisconsin Unpaid Wage Class seek damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03 and 109.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

<u>THIRD CLAIM FOR RELIEF</u><br>
DECLARATORY AND INJUNCTIVE

62. Plaintiffs individually and on behalf of the Wisconsin Unpaid Wage Class allege and incorporate by reference the allegations in the preceding paragraphs.

63. A dispute currently exists between the parties regarding whether Defendant maintained an illegal pay policy which deprived the Plaintiffs and Wisconsin Unpaid Wage Class of wages.

64. This Court is authorized to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Wis. Stat. § 806.04(1).

65. This Court is also authorized to grant "[f]urther relief based on a declaratory judgment… whenever necessary or proper."

66. Plaintiffs seek a declaration from the Court regarding cessation of Defendant's illegal pay practice with regard to the Plaintiffs and members of the

15

putative Wisconsin Unpaid Wage Class.

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Collective Class and the Wisconsin Unpaid Wage Class pray for the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Class as defined above;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Unpaid Wage Class under Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P(b)(3);

C. An order designating Toshia Parker and Thomas Bitner as representatives of the Wisconsin Unpaid Wage Class;

D. An order designating Hawks Quindel, S.C., and Nichols Kaster, PLLP as class counsel;

E. An order declaring that Defendant maintains an illegal pay policy and enjoining Defendant from committing future violations of the FLSA and Wisconsin wage and hour laws;

F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G. An order finding that Defendant violated the FLSA and Wisconsin wage and hour laws;

H. Judgment against Defendant in the amount equal to Plaintiffs', the Collective Class', and Wisconsin Unpaid Wage Class' unpaid back wages at the applicable overtime, minimum, and regular wage rates;

     I.      An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

     J.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

     K.      Leave to amend the Complaint to add additional state law claims; and

     L.      Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated this 13th day of August, 2013.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for the Plaintiff*

        By:   *s/ David C. Zoeller*
        William E. Parsons, State Bar No. 1048594
        Email: wparsons@hq-law.com
        David C. Zoeller, State Bar No. 1052017
        Email: dzoeller@hq-law.com
        222 West Washington Avenue, Suite 450
        P.O. Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: 608/257-0040
        Facsimile: 608/256-0236

        **NICHOLS KASTER, PLLP**

        Paul J. Lukas, MN Bar No. 22084X
        Tim C. Selander, MN Bar No. 0387016
        G. Tony Atwal, MN Bar No. 0331636*
        4600 IDS Center, 80 South 8th Street
        Minneapolis, MN  55402
        T: (612) 256-3200
        F: (612) 215-6870
        E: lukas@nka.com
           selander@nka.com
           tatwal@nka.com

        **pro hac vice application pending*