IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS BITNER and TOSHIA
PARKER, individually and on behalf of
those similarly situated,

                        Plaintiffs,                  OPINION & ORDER

   v.
                                                         13-cv-451-wmc

WYNDHAM VACATION RESORTS, INC.,

                        Defendant.

---

     This putative class and collective action alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and applicable provisions of Wisconsin state law. Specifically, plaintiffs Thomas Bitner and Toshia Parker allege that defendant Wyndham Vacation Resorts, Inc. ("Wyndham") engaged in policies that required them to work off the clock and in excess of 40 hours per week without proper minimum wage and overtime compensation. Before the court now is Wyndham's motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because plaintiffs have adequately pled their claims, the court will deny Wyndham's motion.

PRELIMINARY MATTER

     Plaintiffs oppose Wyndham's motion to dismiss their original Complaint (*see* dkt. #1), but also seek leave to amend that complaint should the court find they have not adequately pled their claims, and in so arguing, proffer a proposed Amended Complaint. (*See* Decl. of David C. Zoeller Exh. A (dkt. #15-1).)   Since this request preceded the

deadline for amendments to pleadings without leave of court, *see* Amended Preliminary Pretrial Conference Order (dkt. #18), the court will consider the Amended Complaint in this opinion as a matter of efficiency. In addition, Wyndham asks in its Reply that the court reject the Amended Complaint on the grounds that amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is considered "futile" if the complaint still fails to state a claim on which relief could be granted, which is the same standard of legal sufficiency applicable to defendant's motion to dismiss the original Complaint pursuant to Rule 12(b)(6). *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (citations omitted). Therefore, it is appropriate for the court to consider the Amended Complaint's sufficiency under Rule 12(b)(6) in any event.

ALLEGATIONS OF FACT

Defendant Wyndham Vacation Resorts, Inc. is incorporated in the State of Delaware, with its principal place of business in Orlando, Florida, and is an "employer" within the meaning of the FLSA. According to its website, Wyndham is in the business of developing, marketing, and selling vacation ownership interests. Plaintiff Bitner is a resident of Illinois and was employed as a Front Line Sales Representative and then an In-House Sales Representative in Wisconsin during the two years preceding the filing of this action; plaintiff Parker is a resident of Wisconsin and was employed as a Discovery Sales Representative in Wisconsin during that same period. As Sales Representatives, plaintiffs' primary job duty was to sell timeshare properties and/or promotional packages for timeshare

properties. Wyndham classified its Sales Representatives as non-exempt from the FLSA and Wisconsin overtime law, paying them on an hourly and commission basis.[1]

Wyndham paid its Sales Representatives approximately $7.25 per hour.[2] Plaintiffs nevertheless allege that Wyndham had policies in place requiring Sales Representatives to work without compensation in certain circumstances, including policies that:

- Required Front Line Sales Representatives to clock out anytime they were not giving tours to potential buyers, even though they were required to remain on Wyndham's premises in a designated area.[3]

---

[1] The FLSA applies to employees who are paid on commission, just as it does to employees who are paid by the hour or on a piecework or salary basis. *See* 29 C.F.R. § 776.5.

[2] Neither the Original nor Amended Complaint alleges anything about the amount of commission (leaving it unclear if the $7.25/hour figure includes that commission or not). This obviously raises the question of whether it is plausible that plaintiffs or other members of the putative class have been paid hourly and on commission above minimum wage and/or required overtime. While this failure is not enough to bring the Amended Complaint within the rubric of those cases relied upon by defendant for reasons explained below, it may be important to determining whether plaintiffs' claims are properly the subject of a class action or can get past a motion for summary judgment, since the FLSA generally defines minimum wage violations by the actual pay received divided by the hours worked. *See, e.g., Condo v. Sysco Corp.*, 1 F.3d 599, 605 n.7 (7th Cir. 1993) (noting that a fixed salary "must, of course, be sufficiently large to ensure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage under the FLSA"); *Espenscheid v. DirectSAT USA, LLC*, No. 09-cv-625-bbc, 2011 WL 10069108, at *11 ("[I]f an employee's average wage exceeds the legal minimum, then no minimum wage violation has occurred.") (W.D. Wis. April 11, 2011) (citations omitted). In light of the costs of defending these claims, if Wyndham maintains that the facts are indisputably in its favor on either question, it is welcome to file an early motion opposing class certification or seeking summary judgment, provided plaintiffs are given a reasonable time to conduct discovery on those facts.

[3] There appears to be no dispute between the parties that remaining on the premises in a designated area constitutes "working" for the purposes of the FLSA. *See* 29 C.F.R. § 785.17 ("An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while 'on call.'").

- Required Discovery Sales Representatives to clock out anytime they were not meeting with potential buyers in Wyndham's sales office, even though they were required to remain on Wyndham's premises in a designated area.

- Required In-House Sales Representatives to clock out after completing their initial tours, even though they were required to set up and attend "back-end meetings" later in the day without clocking back in.

- Precluded Sales Representatives from being clocked in for more than forty (40) hours per week, such that Wyndham's management-level employees edited Sales representatives' time entries to reduce the number of hours worked per week, even when they were actually required to work well in excess of 40 hours.

As a result of these policies, Bitner and Parker allege they regularly performed work for which they did not receive the federal minimum wage and routinely worked more than forty hours per week without receiving overtime compensation.  In at least some weeks of employment, they allege working approximately 60 hours per week or more without being adequately compensated.  They also allege Wyndham was either aware or should have been aware Sales Representatives performed work requiring payment of minimum wage and overtime compensation for all hours worked, yet routinely suffered and permitted them to work long hours for which it paid neither minimum wage nor overtime compensation.  Accordingly, plaintiffs allege willful violation of the FLSA, including but not limited to violations of 29 U.S.C. §§ 206 and 207.  They also allege violations of Wisconsin overtime and minimum wage laws, including Wis. Stat. §§ 103.03, 104.02 and 109.03, and Wis. Admin. §§ DWD 272.03 and 274.03.

OPINION

I. **FLSA Claims**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility requirement is not a "probability requirement"; it simply "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). When evaluating a complaint's sufficiency, the court construes it in the light most favorable to the party not seeking dismissal, accepts well-pled facts as true, and draws all inferences in the plaintiff's favor. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Here, that plaintiffs have adequately pled both minimum wage claims and overtime under the FLSA. Section 206 requires that an employer pay its employees a minimum wage of $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), which plaintiffs have alleged is their approximate hourly salary as Sales Representatives. (Am. Comp. (dkt. #15-1) ¶ 14.) Plaintiffs also allege that they routinely worked more than forty hours per week and were not paid for those additional hours, either because Wyndham's policies did not allow them to clock in for particular tasks or because Wyndham management edited any time entries exceeding 40 hours per week. (*Id*. at ¶¶20-22.) These facts, if true, would not only violate § 206 (since plaintiffs' total pay would be less than $7.25 per hour on average), but would

also violate 29 U.S.C. § 207, which requires that employers pay their employees compensation for work in excess of forty hours per week at a rate of one and one-half times the employees' regular rate. 29 U.S.C. § 207(a)(1). These allegations are enough to survive a Rule 12(b)(6) motion to dismiss.

Wyndham argues that plaintiffs' allegations are either speculative, boilerplate, or legal conclusions and thus do not make plaintiffs' claims plausible. The court disagrees. Unlike the cases cited by Wyndham, plaintiffs have done more than simply allege in a conclusory manner that they were not paid minimum wage or that they worked uncompensated overtime. They allege their hourly rate, the specific policies and practices that allegedly violate the FLSA, and an estimate (albeit a very rough estimate) as to how many hours they regularly worked. Wyndham's argument that these allegations are "speculative" is both undeveloped and misguided. (*See* Def.'s Reply (dkt. #19) 2).

Plaintiffs do not need to prove their case at this stage of litigation. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alterations in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs' allegations meet both Rule 8 and 12(b)(6) by alleging that Wyndham maintained specific, articulated policies connected to clocking in and out, all of which operated to deny them minimum wage and overtime compensation on a

6

regular, weekly basis. These allegations offer "more than a sheer possibility" that Wyndham has acted unlawfully and thus rise above the level of speculation.[4]

Wyndham also argues that the Amended Complaint should be dismissed because it "fails to provide any detail regarding when and how much minimum wage and overtime Plaintiffs were allegedly denied." (Def.'s Reply (dkt. #19) 6.) In support, Wyndham cites to *Wolman v. Catholic Health Sys. of Long Island*, 853 F. Supp. 2d 290 (E.D.N.Y. 2012). In *Wolman*, the court dismissed plaintiffs' FLSA claims after plaintiffs failed to plead that they actually worked more than 40 hours per week in a given week, instead alleging in a conclusory fashion that they should have been paid overtime rates whenever it might have happened. 853 F. Supp. 2d at 304-05. In *Wolman*, the majority of plaintiffs' allegations actually *undermined* their FLSA claims, affirmatively representing that they had *not* worked more than forty hours and were, therefore, *not* entitled to overtime pay. *Id.* Here, plaintiffs allege that they routinely worked more than forty hours per week and that, in some weeks, they worked as many as sixty hours.[5] They also allege that they were not paid for these hours due to Wyndham's policies. This is sufficient for the court to infer plaintiffs' possible

---

[4] In contrast, in *Bailey ex rel. v. Border Foods, Inc.*, No. 09-1230 (RHK/AJB), 2009 WL 3248305 (D. Minn. Oct. 6, 2009), a case Wyndham cites in both its opening and reply briefs, the court found that minimum wage claims *were* speculative when plaintiffs stated in their Consent Forms that they did not "believe" the additional amounts they received was "always" enough to cover expenses incurred in delivering pizzas. *Id.* at *2. Additionally, plaintiffs in that case "failed to identify their hourly pay rates, the amount of their per-delivery reimbursements, the amounts generally expended in delivering pizzas, or any facts that would permit the Court to infer that Plaintiffs actually received less than minimum wage." *Id.*

[5] Even if this court found the allegations considered in *Wolman* analogous to those here, the court in *Wolman* did not find that amending the complaint would be futile. Rather, it granted plaintiffs leave to cure the deficiencies in their complaint. *See Wolman*, 853 F. Supp. 2d at 306.

7

entitlement to relief assuming those facts prove true. Accordingly, the court declines to require further detail at this stage.[6]

Certainly, "[f]ederal courts have diverged somewhat on the question" of how much specificity the FLSA requires. *Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 114 (2d Cir. 2013). Thus, there is no consensus as to how much detail a plaintiff must plead to state a claim under the FLSA, allowing defendant to point to various cases that it contends support the argument that plaintiffs have failed to state a FLSA claim here. Ultimately, though, determining whether a plaintiff has pled a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Seventh Circuit has explicitly held that the plausibility standard requires only "that the plaintiff . . . give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, NA*, 614 F.3d 400, 404 (7th Cir. 2010). The court finds that plaintiffs have done so here and will not require more.[7]

---

[6] In particular, the court is reluctant to require the detail that Wyndham contends is necessary as to "when and how much minimum wage and overtime Plaintiffs were allegedly denied" at this stage, since practically speaking, requiring the pleadings to "reconstruct the exact hours they worked each week over the entire course of their employment . . . would be an insurmountable task for most plaintiffs." *Boutros v. JTC Painting & Decorating Corp.*, No. 12 Civ. 7576(PAE), 2013 WL 3110943, at *3 (S.D.N.Y. June 19, 2013).

[7] Other courts, including some in this circuit, have considered this question and found to varying degrees that extensive detail in FLSA claims is not necessary. *See, e.g.*, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (complaint stated a claim under the FLSA where it alleged defendant was an employer, identified employees as Supervisors in Charge, stated defendant had "repeatedly violated" overtime and record-keeping provisions, described the manner of those violations, and alleged a particular time period); *Sanchez v. Haltz Constr., Inc.*, No. 09 C 7531, 2012 WL 13514, at *3 (N.D. Ill. Jan. 4, 2012) (permitting FLSA claims to go forward where plaintiffs alleged they "routinely" worked over 40 hours per week without receiving overtime pay and that the compensation they did receive fell below the minimum wage requirement); *Nicholson v. UTi Worldwide, Inc.*, No.

**II. State Law Claims**

Though Wyndham focuses primarily on the FLSA claims, it also moves to dismiss plaintiffs' Complaint in its entirety. Therefore, the court will briefly address the adequacy of plaintiffs' pleadings in regard to their Wisconsin state law claims as well.

Plaintiffs allege violations of Wis. Stat. §§ 103.03, 104.02 and 109.03, and of Wis. Admin. §§ DWD 272.03 and 274.03. Specifically, plaintiffs claim to be "employees" for the purposes of these Wisconsin statutes and not exempt from minimum wage and overtime pay requirements. Plaintiffs also allege that Wyndham was at all relevant times an "employer" within the meaning of those same statutes.

Section 103.03 requires that an employer pay overtime compensation (defined in Wis. Admin. § DWD 274.03 as one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per week) to its non-exempt employees. As with the overtime FLSA claim, plaintiffs have stated a claim under this statute by alleging that they routinely worked more than 40 hours per week, that they were not allowed to clock in for those hours and that Wyndham regularly edited their time entries so that they would not receive any pay for other time worked in excess of 40 hours.

Section 104.02 requires that an employer pay its employees at least the minimum wage (defined in Wis. Admin. § DWD 272.03(1) as $7.25 per hour) for all hours worked. As with the minimum wage FLSA claim, plaintiffs state a claim under this statute by

---

3:09-cv-722-JPG-DGW, 2010 WL 551551, at *4 (S.D. Ill. Feb. 12, 2010) (permitting FLSA overtime claims to go forward even where plaintiff failed to specifically allege he worked more than forty hours in one week); *McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 1125830, at *2 (D. Kan. Apr. 27, 2009) (allegations satisfied Rule 8(a) where plaintiffs alleged that defendant violated the FLSA through its policy and practice of refusing to pay employees the appropriate rate for overtime hours worked).

alleging that they were compensated at a wage of approximately $7.25 per hour, but routinely worked additional unpaid hours each week.

Section 109.03(1) requires that an employer pay to every employee "all wages earned by the employee to a day not more than 31 days prior to the date of payment." By alleging that they have not been paid at all for some of the hours they worked during their two-year period of employment, plaintiffs have stated a claim under this statute as well.

ORDER

IT IS ORDERED that:

1) defendant Wyndham Vacation Resorts, Inc.'s motion to dismiss the complaint is DENIED;

2) plaintiffs Thomas Bitner and Toshia Parker are GRANTED leave to file the Amended Complaint; and

3) defendant Wyndham Vacation Resorts, Inc. may file and serve its answer to that complaint not later than November 22, 2013.

Entered this 1st day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge