UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS BITNER, TOSHIA PARKER, and SAMANTHA STANGL, individually and on behalf of those similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WYNDHAM VACATION RESORTS, INC.,<br><br>　　　　Defendant. | Case No. 3:13-CV-00451 (WMC/SLC) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE DECLARATION OF ALEXANDER WISE**

Citing no Federal Rule of Civil Procedure, no Local Rule and no case law whatsoever in support of their Motion, Plaintiffs seek leave to amend a Declaration of Alexander Wise—a purported Rule 1006 summary of multiple Wyndham databases.[1] Wyndham's Motion for decertification and Plaintiffs' Motion for Rule 23 certification have been fully briefed and submitted to the Court pursuant to the Court's Scheduling Order. Plaintiffs' attempt at a "do over" of the Wise Declaration should not be allowed.

---

[1] If Wise's Declaration is truly a Rule 1006 summary as Plaintiffs claim, then there would be no need to correct an erroneous *assumption* about Payment Gateway's true time zone. It is also notable that Plaintiffs will not agree to produce him for a deposition. Wyndham is entitled to test the factual assertions, and specifically the mistakes he made, allegedly "summarizing" multiple Wyndham data sets. The parties are completing the meet and confer process on this issue.

Regardless, none of the Wise Declarations, including this latest iteration, establishes a legitimate basis for collective treatment of Plaintiffs' claims.

First, conspicuously absent from Plaintiffs' Motion is reference to any procedural rule authorizing their Motion. The definition of "pleading" in Federal Rule of Civil Procedure 7 does not include declarations or affidavits. As a result, Federal Rule of Civil Procedure 15 also does not apply. As for Federal Rule of Civil Procedure 6, insofar as that could form the basis of Plaintiffs' Motion, they fail to make the requisite showing of excusable neglect as required by Rule 6(b)(1)(B).

Second, Plaintiffs' basis for the proposed Wise Declaration is misleading. Plaintiffs seek to correct Wise's erroneous assumptions about the time zone that applies to Wyndham's Payment Gateway database. Plaintiffs allege they learned about Wise's error in connection with Wyndham's briefing in response to their motion for class certification. What Plaintiffs fail to point out, however, is that they had a full and fair opportunity to discover information relating to Payment Gateway's time zone during the Rule 30(b)(6) deposition of Wyndham's designee relating to the Payment Gateway system. Plaintiffs' never bothered to ask. Therefore, their veiled attempt to blame Defendant for their current predicament is unconvincing.

Third, even assuming Plaintiffs could establish a legal basis permitting their late submission of the Wise Declaration, the information therein fails to rebut Wyndham's motion for decertification. Payment Gateway only contains data for payments or attempted payments. The data therefore has limited utility in this context because of the Disco Reps low success rate closing sales; less than 11%. Sellers Decl. ¶¶ 5-7.

Therefore, Wise's "corrected" off-the-clock work percentages of 21.09% (non-split deals) and 22.44% (split deals) demonstrate, if anything at all, off-the-clock work less than 2.5% of the time—regardless of the type of deal.

The Wise Declaration is even more hopelessly flawed. Beyond all of the problems already identified in Wyndham's memoranda, Wise's analysis is wrong because he appears to "count" every Payment Gateway transaction as an "event" even though frequently a single owner or customer interaction may have multiple Payment Gateway transactions associated with it. Consequently, his percentages are in error to the extent Plaintiffs are using this data as a proxy for percentage of time off-the-clock as each "event" Wise records is <u>not</u> really a different occurrence. Moreover, by over counting Payment Gateway "events" he creates a larger raw number which Plaintiffs hope the Court will equate with times worked off-the-clock when that is simply false. Finally, Wise counts as Payment Gateway "events" any time difference between Wyndham's time clock and Payment Gateway, even as little as 11 seconds. *See* (Proposed) Wise Decl., Exhibit A (tour 26172258). In other instances, the alleged off-the-clock work is less than one minute. *Id*. (tour 24600288). Such *de minimus* amounts of time are legally meaningless.

While Plaintiffs' Motion may not seem like a "big deal" on the surface, Plaintiffs want what justice should not permit; their own version of the Rules of Civil Procedure, bent in their favor, to correct avoidable mistakes, in order to submit an analysis that remains fundamentally flawed.

Dated: July 16, 2015.    JACKSON LEWIS P.C.

*s/ Brian T. Benkstein*
David J. Duddleston #1044406
Brian T. Benkstein, admitted *pro hac vice*
Nora R. Kaitfors #1080466
225 South Sixth Street, Suite 3850
Minneapolis, MN 55402
(612) 341-8131

ATTORNEYS FOR DEFENDANT

4822-7411-1013, v. 1