IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS BITNER and TOSHIA PARKER,
individually and on behalf of those similarly
situated,

                Plaintiffs,                OPINION AND ORDER

  v.

                                                  13-cv-451-wmc

WYNDHAM VACATION RESORTS, INC.,

                Defendant.

---

Pursuant to 28 U.S.C. § 1292(b), defendant Wyndham Vacation Resorts, Inc. moves for the court to certify for immediate interlocutory review its decision denying defendant's motion to decertify plaintiffs' Fair Labor Standards Act ("FLSA") collective actions. (Dkt. #266.) Defendant also moves to stay proceedings in this court pending the outcome of its Rule 23(f) appeal to the Seventh Circuit. (*Id.*) The court will deny both motions.

For a question of law to meet the statutory criteria for the grant of a § 1292(b) petition, "it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). Defendant's § 1292(b) petition arguably fails to satisfy *any* of these criteria, and certainly not all of them. As plaintiffs point out, defendant does not even present a *specific* question of law for appeal, instead asserting vaguely that "[t]he questions raised here concern the interpretation and application of Federal Rule of Civil Procedure 23, as applied to FLSA collective actions." (Def.'s Supp. Br. (dkt. #267) at 3.) Nevertheless, the court will assume by implication that defendant intends to question the court's reliance on *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770 (7th Cir. 2013), to find that In House Sales

Representatives were "similarly situated" under the FLSA because they satisfied the standards for certification of a Rule 23(b)(3) class. Still, defendant fails to demonstrate that question is *controlling*. *See Espenscheid*, 705 F.3d at 772 ("[T]here isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards[.]").

A controlling question of law is one whose "resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Defendant asserts that a reversal of the court's decision denying defendant's decertification motion will "change entirely" the scope of this case and "dramatically reduce" the scope of discovery. (Def.'s Supp. Br. (dkt. #267) at 3-4.) This is at least doubtful in light of plaintiffs' representations that they would proceed with individual trials if the collective actions were decertified and that most opt-in plaintiffs have already responded to discovery, including depositions. (Pls.' Opp'n Br. (dkt. #269) at 4.) At most, defendant falls far short of demonstrating that an interlocutory appeal would "materially advance the litigation." *Sokaogon*, 86 F.3d at 659.

For essentially the same reasons, defendant fails to show that the resolution of its "question" of law would speed up the litigation, nor does defendant offer any case law calling into question the court's *application* of the *Espenscheid* standard as contestable. *Ahrenholz*, 219 F.3d at 675. Accordingly, defendant's § 1292(b) motion will be denied.

With respect to defendant's motion to stay the proceedings pursuant to Rule 23(f), the court must consider:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of

>the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Espenscheid v. DirectSat USA, LLC*, No. 09-cv-625-bbc, 2011 WL 2132975 (W.D. Wis. May 27, 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Despite acknowledging this standard, defendant makes a weak effort to apply it, doing little more than asserting that the court's order granting class certification "raises difficult issues upon which reasonable minds can differ," and the parties' efforts in this court would be wasted in the event of a Seventh Circuit reversal. (Def.'s Supp. Br. (dkt. #267) at 6-7.) Regardless, the court agrees with plaintiffs that the factors weigh against granting a stay under Rule 23(f), particularly given defendant's failure to show a strong likelihood of reversal and the length of time that this case has already been pending.

## ORDER

IT IS ORDERED that defendant Wyndham Vacation Resorts, Inc.'s motion for certification of an interlocutory appeal and motion to stay the proceedings (dkt. #266) are DENIED.

Entered this 24th day of January, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge