# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS BITNER and TOSHIA
PARKER,

                Plaintiffs,

   v.

WYNDHAM VACATION RESORTS, INC.,

                Defendant.

**OPINION AND ORDER**

13-cv-451-wmc

Pursuant to an unopposed motion, plaintiffs Thomas Bitner and Toshia Parker seek final approval of a settlement of this hybrid action, which alleges wage and hour violations (1) as collective actions under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and (2) as a class action pursuant to Federal Rule of Civil Procedure 23 under the wage and hour laws of Wisconsin. (Dkt. #291.) For the reasons that follow, as well as those set forth in the court's opinion and order granting preliminary approval of this settlement (dkt. #283), the court will give final approval of the settlement terms and approve the enhanced payments and an award of attorneys' fees and costs.

## A. Settlement

Based on today's fairness hearing, plaintiffs' written submissions, the lack of any objections or exclusions by the 80 members of the Rule 23 class, the execution of individual releases by all 25 FLSA opt-in plaintiffs, and the entire record in this case, the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e) and that the settlement represents a fair and reasonable

resolution of a bona fide dispute over FLSA provisions. The enhancement payments of $7,500 to the two named plaintiffs, $7,500 and $5,000, respectively, to two FLSA opt-in plaintiffs is also reasonable in light of plaintiffs' representations about the extent of their respective involvement in discovery and other aspects of the case.[1]

## B. Attorneys' fees

Also before the court is class counsel's petition for attorneys' fees and costs, which will be approved. (Dkt. #286.) Class counsel seeks $500,000.00 in fees, representing one-third of the common settlement fund, and actual costs in the amount of $46,360.31, for a total award of $546,360.31. The court has reviewed class counsel's arguments in support of this award (Pls.' Br. (dkt. #287) and the declarations of Attorneys David C. Zoeller and Robert L. Schug, with their respective attached time entries and incurred costs (dkt. ##288, 289). The time records reflect that class counsel expended resources litigating this matter over the past four years, including approximately 2,400 hours of attorney time at hourly rates ranging from $185 to $625, which totals approximately $887,000.00 if billed hourly. (Pls.' Br. (dkt. #287) 2.) Class counsel, across the two firms, also accumulated $46,360.31 in costs. (Zoeller Decl. (dkt. #288) ¶ 2; *id.*, Ex. B (dkt. #288-2).) Counsel

---

[1] In the order preliminarily approving the settlement, the court questioned whether the proposed $5,000 enhancement payment for opt-in plaintiff Casey O'Donnell was proper given that he did not have any damages under the formula used for allocations. (7/28/17 Order (dkt. #283) 3 n.2.) In response, plaintiffs explain that O'Donnell was not eligible for damages under the settlement plan because he "worked very briefly as an In House Sales Representative before becoming a manager," but, nonetheless, advanced the interests of the class by sitting for a deposition and providing additional information and assistance throughout the litigation. (Pls.' Mot. (dkt. #292) 10.) Based on his involvement, the court will not only approve the $5,000 enhancement award, but commend him for his involvement and approval of a settlement that left him without a personal monetary recovery.

also represents that it entered into a contract with the named plaintiffs upfront, in which they agreed to a payment of 33.33% of the gross recovery plus actual costs. (*Id.* at ¶ 9.)

Here, class counsel seeks an award of 33% of the settlement fund plus actual costs consistent with the terms of that retainer agreement. This percentage falls within the market rate under the Seventh Circuit's approach to setting a percentage of the total settlement common fund for an attorneys' fee award.[2] (Pl.'s Br. (dkt. #287) 11-12 (citing cases awarding approximately one-third of settlement fund).) Moreover, the lodestar amount calculated by class counsel exceeds the requested fees by more than $300,000, which is hardly surprising given this case's four-year history, including: (1) plaintiffs' efforts in conditionally certifying two FLSA collective actions and successfully opposing a motion to decertify, certifying a Rule 23 class action, opposing defendant's attempt at an interlocutory appeal of those decisions, and also opposing a motion for partial summary judgment; (2) the extensive discovery completed in this action, not least of which required the review of voluminous time records; (3) evaluation of the factual and legal uncertainties that remain with respect to plaintiffs' claims; and (4) determining that a resolution of the entire case is in the best interest of the class members, none of whom have objected to the fee request. Finally, the award also appears consistent with market rates and fee awards for similar hybrid FLSA and Rule 23 class actions in this district. Accordingly, the court has no qualms in finding the request of a 33% attorneys' fee award plus actual costs as

---

[2] If class counsel wanted more certainty as to the enforceability of class action fee agreements before incurring substantial costs and fees, to seek approval of a fee schedule earlier. *See Silverman v. Motorola Solutions, Inc.*, Nos. 12-2339, 12-2354, 2013 WL 4082893, at *1 (7th Cir. Aug. 14, 2013).

requested to be reasonable and will award attorneys' fees and costs in the total amount of $546,360.31.

## ORDER

IT IS ORDERED that:

1) Plaintiffs' unopposed motion for final approval of the settlement agreement (dkt. #291) is GRANTED, and the parties are directed to carry out its terms and provisions.

2) The enhancement payments of $7,500 each to Thomas Bitner, Toshia Parker, Abraham Haupt, and $5,000 to Casey O'Donnell are APPROVED.

3) Class counsel's petition for costs and attorneys' fees (dkt. #286) is GRANTED in the requested amount of $546,360.31.

4) Settlement payments described in Exhibit A to the Declaration of David C. Zoeller (dkt. #293-1) are APPROVED.

5) This action is dismissed with prejudice, barring and permanently enjoining named plaintiffs and all class members from pursuing any claims that were released against defendant.

6) The court expressly retains jurisdiction to enforce the terms of settlement. The clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 9th day of November, 2017.

BY THE COURT:

WILLIAM M. CONLEY
District Judge